

1001 Pennsylvania Avenue, NW, Washington, DC 20004-2595 ■ p202.624.2500 ■ f202 628-5116

**Daniel W. Wolff**
(202) 624-2621
dwolff@crowell.com

November 20, 2012

3391:dww
066455.0000054

*Via CM/ECF*

Gino Agnello, Clerk
United States Court of Appeals
  For the Seventh Circuit
219 S. Dearborn Street
Room 2722
Chicago, IL  60604

      Re:   <u>*Big Ridge, Inc. et al. v. FMSHRC*, et al., Nos. 12-2316 and 12-2460 (consolidated)</u>

Dear Mr. Agnello:

    On November 15 and 20, 2012, the Secretary of Labor filed letters under the purported authority of Fed. R. App. P. 28(j).  Neither qualifies as such, however, as each is nothing more than a disguised surreply on particular points already addressed in her brief.

    The Secretary's letter of November 20, 2012, is of particular concern because, in making her surreply argument, she mischaracterizes both (i) the posture of this case at the time review was sought at the Commission and (ii) Petitioners' point.  First, as noted in Petitioners' Reply (at 11), the ALJ dismissed the notion that MSHA's Part 50 audit was an investigation or inspection, so in seeking review of the ALJ decision, Petitioners had no basis to raise the factual point about the audit not being conducted by the Secretary's authorized representative. (The fact that the point was pursued by Petitioners at the hearing, however, demonstrates that Petitioners were prepared to raise the point if and when it became necessary to do so.)

    Second, this is not a new argument or defense theory, as the Secretary would have it, and nothing in the Commission's decision in *Austin Powder Co.*, 29 FMSHRC 909 (2007) – which, being five years old, the Secretary could have cited in her brief – undermines the well-settled principle that points shedding light on *existing arguments* can always be raised on appeal.  As noted in Petitioners' Reply (at 11), the fact that the auditors were not authorized representatives

of the Secretary simply helps illuminate the view that the audits were not investigations or inspections as those terms are used in the Mine Act. Accordingly, although it was appropriate in the first place for Petitioners to raise the "authorized representative" point in their reply brief to the Commission, after MSHA had tried to resuscitate its "investigation" argument in its own brief, in substance it was not a new argument in any event. Indeed, had the point been raised for the first time to this Court – as the Secretary (wrongly) claimed it to be in her principal brief – that, too, would have been permissible.

                              Sincerely,

                              \s\ Daniel W. Wolff

                              Daniel W. Wolff

# CERTIFICATE OF SERVICE

I certify that on November 20, 2012, a copy of the foregoing letter was electronically filed with the Clerk of Court for the U.S. Court of Appeals for the Seventh Circuit by using the Court's CM/ECF system. I certify that all participants in the case are represented by attorneys who are registered CM/ECF users with this Court, and that service on such participants will be accomplished by CM/ECF system service on the following:

>John T. Sullivan, Esq.
>Office of General Counsel
>Federal Mine Safety and Health Review Commission
>601 New Jersey Ave., N.W.
>Washington, D.C. 20001
>
>Robin A. Rosenbluth, Esq.
>Mine Safety and Health Division
>Office of the Solicitor
>U.S. Department of Labor
>1100 Wilson Boulevard
>22nd Floor West
>Arlington, VA 22209-2296
>
>James Lastowka, Esq.
>Arthur Sapper, Esq.
>McDermott Will & Emery LLP
>500 North Capitol Street, N.W.
>Washington, D.C. 20001-1531

\s\ Daniel W. Wolff
Daniel W. Wolff